# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC HOFFMAN** ) | |
| ) | Civil Action No. 2020-cv-3049 |
| **Plaintiff,** ) | |
| ) | **JUDGE: WENDY VITTER** |
| **v.** ) | |
| ) | **MAGISTRATE: JANIS VAN MEERVELD** |
| **LARRY ANDERSON AND** ) | |
| **BANK OF AMERICA** ) | |
| ) | **SECTION: " D "** |
| **Defendants** ) | |

# MEMORANDUM IN OPPOSITION OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Hoffman's lawsuit presents a straightforward negligence claim against Anderson and BOA. The defendants seek a wholesale dismissal of the matter by muddying up the water. Defendants hope legal claims that are not dismissable by the pleadings will be caught in the mix and washed away as well. This court only needs to look to a standard negligence analysis to dismiss the Motion. Plaintiff has stated a valid claim against defendants for breach of their duties, which are well-established under Louisiana law. This Court should deny Defendants' motion.

I. Introduction

This action arises from Andersons' negligent breach of duties owed to Hoffman, directing him to take specific steps. Those actions, including advising Hoffman to pay off his HELOC, now have consequences.

Defendants seek to whittle this case down to one transaction, Hoffman's loan denial by BOA. The denial of Hoffman's request for a loan is a mere sideshow to the larger issue in this case. That issue is Anderson's substandard conduct in giving financial advice as Hoffman's wealth management lending officer prior to any evaluation whatsoever for that loan. There is no dispute that Anderson misrepresented to Hoffman that he should pay off his HELOC.  Accordingly, under the professional guidance of Anderson, Hoffman paid off the HELOC, and now dire financial consequences have flowed from that action.

Whether or not BOA would extend credit due to that action is a wholly separate matter from the advice itself. Defendants are correct. Hoffman cannot assert claims on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." La. R.S. 6:1122. Hoffman is not seeking such claims through this litigation. Hoffman is pursuing a negligence claim for the specific acts that he took under a professional's advice. Those acts include the pay off of the HELOC, which then caused him to borrow money from his father in law and have foreclosed his ability to use the HELOC funds to seek other

business ventures. This Court should not allow Anderson and BOA to escape liability. This Court should deny Defendants' Motion.

    a. **Factual Background**

The facts stated in the Defendants' motion are mostly correct, and for the sake of brevity, Hoffman will only clarify as needed. Hoffman was indeed seeking the professional advice of Anderson concerning lowering his monthly loan payments. Hoffman received certain assurances that Anderson and other employees of BOA would approve his loan. But those assurances came well after Anderson's advice related to the HELOC. Contrary to the Defendants' claims, this lawsuit is premised on the advice given by Anderson before any promise of a loan occurred. Hoffman's filed his lawsuit to address the damages incurred due to the Defendants' negligent advice, notwithstanding the loan's denial.

Hoffman does not know whether or not that advice caused a denial of his loan application. Hoffman does understand that the directions given to him by Anderson occurred before the evaluation of his finances occurred.[1] Anderson's negligent advice occurred before he even started to gather his documents for review for the loan

---

[1] See Petition, ¶ VII - IX.  ¶ VII "**Before ever submitting any information to Defendant Anderson, Defendant Anderson was focused on Plaintiff's current loans**, one being a primary mortgage with Bank of America, which had a balance of roughly $1.3 million, **as well as a home equity line of credit (hereinafter HELOC)** in a second position that had $252,000.00 in capacity…" Emphasis added.
¶ IX " After further discussions between Plaintiff and Defendant Anderson concerning the loan application process Defendant Anderson said that in order to submit Plaintiff's application for refinance he needed the HELOC gone. Defendant Anderson recommended that Plaintiff pay it off, have the account closed, and the lien released. Defendant Anderson insisted it was a "non-starter" for Plaintiff to have the HELOC there, but assured Plaintiff that once Plaintiff got the refinance complete with Bank of America on the primary mortgage  Plaintiff could come back in and put a HELOC back in place. "

application.[2] Anderson's negligent actions occurred prior to any promise to extend a loan whether it was an oral extension of otherwise. Anderson's advice at that time caused Hoffman damages. He now owes money to his father in law and is foreclosed in his ability to pursue business ventures. Hoffman would not have gone through with paying off his HELOC but for Anderson's recommendations, which occurred well in advance of any oral extension of credit.

The facts omitted in Defendants' motion as alleged by Hoffman in his Petition allow this litigation to continue. Louisiana's negligence standards enable this case to proceed as standard negligence action as shown below.

### II. Law & Argument

To plead a viable claim for negligence under Louisiana law Civil Code Article 2315, a plaintiff must allege facts sufficient to demonstrate that the standard duty-risk analysis is meet.[3] That duty risk analysis involves a four-prong inquiry:

> I. Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
> II. Did the defendant owe a duty to the plaintiff?
> III. Was the duty breached?
> IV. Was the risk, and harm caused, within the scope of protection afforded by the duty breached?[4]

**A. Hoffman's Petition lays out claims that Anderson's professional advice to Hoffman was the cause-in-fact of his harm.**

Hoffman clearly articulates allegations that satisfy the first element of the duty risk analysis in his petition.

---

[2] *Id.*
[3] *Roberts v. Benoit*, 605 So.2d 1032, 1041 (La. 1991)
[4] *Id.*

4

The "conduct in question" that brought about the harm to Hoffman were stated in the following paragraphs of his Petition:

> After further discussions between Plaintiff and Defendant Anderson concerning the loan application process **Defendant Anderson said that in order to submit Plaintiff's application for refinance he needed the HELOC gone. Defendant Anderson recommended that Plaintiff pay it off, have the account closed, and the lien released**. Defendant Anderson insisted it was a "non-starter" for Plaintiff to have the HELOC there, but assured Plaintiff that once Plaintiff got the refinance complete with Bank of America on the primary mortgage  Plaintiff could come back in and put a HELOC back in place.[5]

Cause in fact is generally a "but for" inquiry; if Hoffman probably would not have sustained the injuries but for the defendant's substandard conduct, such conduct is a cause in fact.[6] But for Anderson telling Hoffman to pay off the HELOC, he would have never paid it off. There is nothing that Defendants can point to in the pleadings that state otherwise.

Anderson and BOA have argued and will continue to say that the HELOC's payoff was transactionally related to the oral extension of credit and per *Jesco Const. Corp. v. Nationsbank Corp*, Hoffman's rights under any theory of recovery are extinguished.[7] They use this argument to seek a wholesale dismissal of all of Hoffman's claims. This Court should not fall for that trap. This Court should be aware that nowhere in the Petition did Hoffman limit himself to claims under any particular law.

Further, the difference between the facts of Hoffman's claims and cases such as *Jesco Const. Corp. v. Nationsbank Corp* is that the latter represent fact patterns where promises of loans were given well into the loan process. In *Jesco Const. Corp. v.*

---

[5] See Petition, ¶ IX. Emphasis added.
[6] *Fowler v. Roberts*, 556 So.2d 1, 5 (La.1989)
[7] See Defendants' Motion to Dismiss, pages 2, 5-7.

*Nationsbank Corp*, the facts presented a plaintiff who claimed that after the appraisals were done; terms negotiated, and closing documents circulated; and that the Defendant had indicated that the loan was approved with just the closing documents to be signed the next Friday that the loan was a "done deal."[8] The same pattern, dismissal of claims well into the loan process or after a loan was already secured, follows in all of the cases cited by Defendants.[9]

Unlike those cases, Hoffman's claims are not limited to liability for the alleged failure of the Bank to honor its oral promise to loan him money. Hoffman makes claims of allegations of advice given by Anderson prior to any promise of a loan. Negligent advice that had consequences notwithstanding the fact that the loan was denied. Nowhere in Hoffman's petition does he state that Anderson or BOA told him that the loan was approved, pending any action that he should take. In direct contrast, Hoffman states he was given advice, then advised how to apply for a loan. (See Petition, ¶ VII - IX and ¶XI - XII, the advice to pay off HELOC. Heloc paid off on Oct 5th, 2019 two days later Anderson emailed an application checklist requesting a large information request for Plaintiff to complete to begin the evaluation of his finances for the loan application.) The advice prior to (payoff your HELOC) is the negligence involved in this matter. It was prior to any advice on how to proceed with the application for the loan or any assurance that a loan would be given.

---

[8] *Jesco Const. Corp. v. Nationsbank Corp.*, 830 So. 2d 989, at 911 (La. 10/25/02)
[9] *King v. Par. Nat'l Bank*, 885 So. 2d 540, 547 (La.10/19/04). A lawsuit arising out of oral assurances related to loans already in place. *Fortenberry v. Hibernia Nat. Bank* 852 So. 2d 1221 (La. App. 2 Cir.8/20/03), a lawsuit related to oral assurances of a loan that according to Plaintiff was approved. *Guzzardo-Knight v. Cent. Progressive Bank*, 762 So. 2d 1243, 1247. (La. App. 1 Cir. 6/23/00), a lawsuit related to the oral promises of a loan after a purchase of a steel mill.

Hoffman was following Anderson's professional advice as a wealth management lender concerning lowering his monthly financial obligations.[10] The negligent advice was before the oral extension of credit and was given well in advance of the loan application. But for that advice, Hoffman would not find himself in the financial situation he is in today.

**B. Anderson and BOA have a duty to provide professional advice under these circumstances.**

Anderson and BOAs' duty is shown in Roman numerals IV-VI of Hoffman's petition, as follows:

> In late September 2019 Plaintiff decided to refinance the mortgage on his residence located at 1936 Jefferson Ave. New Orleans, Louisiana 70115. As part of this process Plaintiff was introduced to Defendant Anderson, a purported mortgage specialist and/or loan officer. Plaintiff was referred to Defendant Anderson by Sanford Roy, a senior financial advisor at Merrill Lynch. The conversation concerning the refinance of Plaintiff's residence started because rates were lower on mortgages, and given his current loan with Iberiabank, Defendant Anderson and Sanford Roy stated Plaintiff could move into a **proprietary product offered by their company** which would be a better loan for Plaintiff as the monthly note would be lower. **This made a lot of sense to Plaintiff, as it would bring his monthly payment down quite a bit.**[11]

In those allegations, Hoffman states that a BOA employee introduced him to a financial professional. Anderson was supposed to provide advice on how best to accomplish his goals. Indeed, one cannot argue that once Hoffman employed Anderson to help with

---

[10] See Petition, ¶ VI. "The conversation concerning the refinance of Plaintiff's residence started because rates were lower on mortgages, and given his current loan with Iberiabank, Defendant Anderson and Sanford Roy stated Plaintiff could move into a proprietary product offered by their company which would be a better loan for Plaintiff as the monthly note would be lower. **This made a lot of sense to Plaintiff, as it would bring his monthly payment down quite a bit**. " Emphasis added

[11] See Petition, ¶ IV-VI. Emphasis added

his financial situation, Anderson had no duty to act reasonably under the circumstances.

Once again, Anderson and BOA have argued and will continue to state that absent a written agreement, no duty exists. That argument ignores the broad interpretation of claims allowed under LSA-C.C. arts. 2315 and 2316 endorsed by the Louisiana Supreme Court.[12] The *Barrie v. VP Exterminators, Inc* court held, the tort of negligent misrepresentation has not been restricted to a set theory.[13] Instead, it has been broadly used to encompass situations of non-disclosure in fiduciary relationships and even to cases of direct disclosure to non-clients in actions involving no written contracts.[14]

Anderson holds himself out as a Wealth Management Lending Officer with certain areas of expertise[15] Anderson states he is an expert in fields including fixed and adjustable-rate loans, home equity lines of credit, high-net-worth borrowers, self-employed borrowers.[16] Hoffman was introduced to Anderson for professional advice in those specific areas.

Tort liability extending to a lending officer's guidance during the lead up to an application for credit promotes the maintenance of high quality of services by licensed lending officers. Those who receive and rely upon that advice should have confidence in their chosen professional's advice. Therefore, the duty to use reasonable care and competence in making recommendations during this process and communicating it to

---

[12] *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1014 (La. 1993)
[13] *Id.*
[14] *Payne v. O'Quinn*, 565 So.2d 1049, 1054 (La. App. 3d Cir.1990)
[15] https://mortgage.bankofamerica.com/larry-anderson
[16] https://mortgage.bankofamerica.com/larry-anderson

the client who retained that expert exists as a matter of law. This liability exists whether or not an oral or written agreement for credit occurs in Hoffman's specific fact situation (advice given before any evaluation of his finances or promise for credit took place.)

It is no different from the liability that exists if a CPA advises on tax deductions, a lawyer who advises on legal strategies to pursue, or a doctor who advises on what medication to take. In all of those circumstances, the claims that can be pursued might be limited by some law. However, the possible liability for negligence still exists regardless of the transactions that follow after the advice. The duty to act with reasonable care and competence and exercising normal professional competence has not been eliminated by statute for any profession, and this Court should not endorse Defendants efforts to do the same.

### C. Anderson and BOA Actions Breached their Duties to Hoffman

Moving to the third element, to pursue a negligence claim, a Plaintiff must show that defendant's conduct failed to conform to the appropriate standard (the breach element). The allegations of Hoffman's petition that show a breach are as follows:

On or around early July 2020, Plaintiff spoke with Michelle Hagen, VP Senior Client Experience Advocate for Bank of America. Plaintiff explained the entire scenario, including the demand by Defendant Anderson for paying off Plaintiff's HELOC back before even kicking off the application process. Michelle Hagen was horrified and said that Defendant Anderson should have never required Plaintiff to pay off his HELOC prior to submitting the loan application. Michelle Hagan stated that Defendant Anderson should have told Plaintiff that paying off the HELOC would be a condition to close the loan once the refinance was approved, further **Bank of America's policies does not allow mortgage specialists to advise someone to pay off a HELOC that early in the process**. Michelle Hagen further pointed out on the call that she was going to get her legal team involved.[17]

---

[17] See Petition, ¶ XXI. Emphasis added.

Hoffman alleges that Defendant's employer specifically told him that Anderson breached the standard of care as their policies do not allow such advice. This allegation in the pleading allows Hoffman to clear the breach element hurdle required under Louisiana.

### D. The Risk and Harm of the Duty Breached were Foreseeable by Anderson and BOA

Having established breach and duty, this court must determine if the breach is a legal cause of the victim's injuries. The Louisiana Supreme Court in *Roberts v. Benoit* analyzed legal cause in terms of "proximate cause" and "cause in fact" and concluded that Louisiana has merged the two into an "ease of association" test.[18] Although not based entirely on foreseeability, the test does encompass that factor. Essentially, the inquiry is: "How easily does one associate the plaintiff's complaints of harm with the defendant's conduct?"[19]

Cause in fact is generally a "but for" inquiry; if the plaintiff probably would not have sustained the injuries but for the defendant's substandard conduct, such conduct is a cause-in-fact.[20] To the extent that the defendant's actions had something to do with the injury the plaintiff sustained, the test of a factual, causal relationship is met.[21]

But for the breach of Andersons' duty, Hoffman would not have paid off his HELOC. The defendant cannot argue that Hoffman was considering paying off his

---

[18] *Roberts*, supra at 1045, 1055.605 So.2d 1032 (La.1991)
[19] *Carr v. City of New Orleans*, 626 So.2d 374 (La. App. 4 Cir.1993).
[20] *Fowler v. Roberts*, 556 So.2d 1,5 (La.1989).
[21] *Hill v. Lundin & Associates,* 260 La. 542, 256 So.2d 620, 622 (La.1972); *Faucheaux v. Terrebonne Consolidated Government*, 615 So.2d 289, 292 (La.1993). *Sommer v. STATE, DEPT. OF TRANSP. DEVELOPMENT, 758 So. 2d 923 - La: Court of Appeals*, 4th Circuit 2000

HELOC for any other reason besides being directed to by Anderson. Defendants' Motion seeks to blurry Hoffman's allegations by combining it with the discussion of the denial of his loan application. It is correct that BOA denied Hoffman a loan, but nowhere in the petition does Hoffman solely allege that his damages are limited to the consequences that flowed from that denial. Therefore Andersons' "but for" actions that affected the loan application also affected Hoffman in other ways.

The foreseeability of the Defendants' actions of providing negligent financial advice is clear. The association of Hoffman's complaints of harm with Anderson and BOA's conduct is direct. Anderson told Hoffman to take significant action in advising him to pay off his HELOC. Anderson gave that advice as part of an overall strategy that he believed would ultimately lower Hoffman's monthly financial obligations. Being a professional who works daily in the lending industry, Anderson should know the risk involved with giving such advice. Anderson should have known that not all strategies work and should have advised Hoffman accordingly. Unfortunately, Anderson did not communicate the risks, and now Hoffman suffers the consequences of Anderson and BOAs' professional advice.

### III. Conclusion

It may be correct that Hoffman has no viable claim for an action concerning the denial of the loan application. However, he is allowed under Louisiana law to continue his claims of damage that resulted from Anderson and BOA's specific financial advice. Advice that occurred well in advance of any evaluation of Hoffmans ability to qualify

for a loan. That advice has now affected Hoffman outside of the realm of the loan application.

Hoffman did not limit his claims to only damages that flow from the denial of the loan. Hoffman discussed claims of general negligence in his petition resulting from the Defendants' direct advice. Hoffman was the intended recipient of financial advice from Anderson. Anderson's promotions entitled Hoffman to expect that a wealth management lending officer licensed by this state would perform his duties with reasonable care and competence, exercising normal professional competence.

Unfortunately, such care and competence did not occur. Anderson could foresee the risk involved with giving such advice given his experience in the industry. Anderson did not communicate those risks and directed Hoffman to take an ominous path forward. That path has lead to Hoffman owing money to his father in law and forecloses his potential business ventures into the future.

This Court should deny Defendants' attempts to evade liability for their actions. Defendants try to combine the negligent advice as part and parcel of the promise for credit extension. That argument ignores the fact that Anderson gave the advice well in advance of any promise for the extension of credit and before receiving a single financial document to evaluate Hoffman's financial situation. This court should not endorse qualified immunity for the actions of lending professionals in Louisiana. This Court should deny Defendants' Motion as Hoffman presents an allowable negligence lawsuit under Louisiana law Civil Code Article 2315.

Respectfully Submitted,

/s/ Jeffrey P. Berniard
**JEFFREY BERNIARD, LSBA #29088**
**Berniard Law Firm**
**1140 St. Charles Ave.**
New Orleans, LA. 70130
Telephone: (504)527-6225
Facsimile: (504) 617-6300
Email: Jeff@GetJeff.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing to all counsel of record through the Court's electronic filing system, this 7th day of December , 2020.

/s/Jeffrey P. Berniard