UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC HOFFMAN | CIVIL ACTION |
| VERSUS | NO. 20-3049 |
| LARRY ANDERSON, ET AL. | SECTION D (1) |

### ORDER

Before the Court is Defendants' Larry Anderson and Bank of America's Motion to Dismiss.[1] Plaintiff has filed an Opposition,[2] and Defendants have filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court grants the Motion.

I.   **FACTUAL BACKGROUND**

This case arises from the attempted refinancing of a Jefferson Avenue home. In September 2019, Eric Hoffman decided to refinance the mortgage on his home.[4] He was introduced to Larry Anderson of Bank of America ("BOA") by his wealth manager.[5] According to Plaintiff, Anderson told him that they could refinance the mortgage, but that in order to submit the proper application for the refinancing, Hoffman would have to pay off his home equity line of credit (HELOC).[6] Hoffman

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 11.
[4] R. Doc. 1-1 at 3 ¶ IV.
[5] *Id.* at 3 ¶ V.
[6] *Id.* at 3-4 ¶¶ VI-IX.

borrowed the money to pay off the HELOC from his father-in-law, and paid the remaining balance of the HELOC.[7]

After paying off the HELOC, Hoffman began to collect financial documents for the refinancing application.[8] Hoffman alleges that he had a conversation with Anderson in which he inquired whether he should list a recently acquired business interest in Choctaw Provision Co. on the documents.[9] According to Hoffman, Anderson advised him not to list the Choctaw Provision Co. ownership interest on the bank forms so as not to "complicate things."[10]

Hoffman provided financial information and a mortgage application to BOA.[11] During due diligence, Anderson and Sanford Roy (Hoffman's financial advisor), discovered a $1,945,000 lien on Plaintiff's home as a result of the Choctaw Provision Co. business interest.[12] Hoffman alleges that Anderson and Roy acted as though Hoffman had never disclosed the business interest in previous oral conversations, and told Hoffman that the loan evaluation would be significantly altered.[13]

Hoffman alleges that he later called Michelle Hagen, VP Senior Client Experience Advocate at BOA, who informed Hoffman that Anderson should never have told Hoffman to pay off his HELOC before submitting his loan application.[14] Hagen later informed Hoffman that BOA had investigated the case and "found no

---

[7] *Id.* at 4-5 ¶¶ X-XI.
[8] R. Doc. 1-1 at 5 ¶ XII.
[9] *Id.* at 5 ¶ XII.
[10] *Id.* at 5 ¶ XIII.
[11] R. Doc. 1-1 at 6 ¶¶ XIV-XV.
[12] *Id.* at 7 ¶ XIX.
[13] *Id.* at 7-8 ¶ XX.
[14] *Id.* at 8 ¶ XXI.

evidence to support his claim that Plaintiff was told to pay off his HELOC and they deemed the case closed."[15]

Plaintiff later filed suit in Orleans Parish Civil District Court, alleging that Anderson and BOA had violated state law and a federal law, the Equal Credit Opportunity Act ("ECOA").[16] The matter was removed to federal court by Defendants on the basis of federal question jurisdiction.[17]

Defendants now move to dismiss Plaintiff's claims.[18] Defendants argue that Plaintiff's state law claims are subject to dismissal because: (1) they violate the Louisiana Credit Agreement Statement; (2) neither BOA nor Anderson owed Hoffman a fiduciary duty; and (3) neither BOA nor Anderson's actions are the cause-in-fact of Hoffman's harms. Defendants also argue that Plaintiff's only federal claim, the ECOA claim, is subject to dismissal because Plaintiff fails to show that he was a member of a protected class or that Plaintiff was not notified of an "adverse action" with respect to his credit application.

Plaintiff has filed an Opposition to the Motion to Dismiss.[19] Plaintiff argues that his state law claims arise under Louisiana Civil Code article 2315, which allows for broad recovery. Plaintiff also argues that the LCAS does not apply because the state-court Petition deals with verbal representations made before the credit agreement was entered into. Plaintiff's Opposition is completely silent regarding the

---

[15] *Id.* at 8-9 ¶ XXII.
[16] *See generally* R. Doc. 1-1.
[17] *See* R. Doc. 1.
[18] R. Doc. 7.
[19] R. Doc. 8.

3

basis for Defendants' Motion to Dismiss his federal/ECOA claim. Defendants have filed a Reply[20] in which they argue that the plain language of the state-court Petition makes clear that the representations made before the credit agreement was entered into are barred by LCAS.

## II.   LEGAL STANDARD

To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[21] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[22] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[23] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[24] However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[25] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[26]

---

[20] R. Doc. 11.
[21] *Romero v. City of Grapevine, Tex.*, 888 F. 3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[22] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).
[23] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F. 3d 1029, 1032 (5th Cir. 2010) (per curiam).
[24] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[25] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).
[26] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).

## III.  ANALYSIS

### A.  Plaintiff's Equal Credit Opportunity Act Claim

Plaintiff's state-court Petition states only one federal claim: a violation of the Equal Credit Opportunity Act. Plaintiff's state-court Petition states:

> Defendant Anderson, as a licensed lending officer, had an affirmative duty to follow the guidelines and laws as set forth under the Equal Credit Opportunity Act (Regulation B) Part 1002, § 1002 - § 1002.16, et seq. Defendant Anderson failed in his duty to follow those guidelines and laws and is liable to Plaintiff for his failure to act within compliance on those statues.[27]

In their Motion to Dismiss, Defendants move for dismissal of Plaintiff's ECOA claim.[28] In his Opposition, Plaintiff does not respond to Defendants' arguments that Plaintiff's ECOA claim should be dismissed. To the contrary, the first page of Plaintiff's Opposition seems to concede that some of his claims should be dismissed, and that he argues that his negligence claim should not be dismissed as well.[29] Moreover, this is not an instance where Plaintiff failed to respond entirely due to excusable neglect. Rather, Plaintiff provided a timely defense to the dismissal of the state claims, but entirely ignored the Motion to Dismiss insofar as it sought to dismiss Plaintiff's federal claim. "Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district

---

[27] R. Doc. 1-1 at 10 ¶ XXVII.
[28] *See* R. Doc. 7-1 at 10-11.
[29] *See* R. Doc. 8 at 1 ("The defendants seek wholesale dismissal of the matter by muddying up the water. Defendants hope legal claims that are not dismissible by the pleadings will be caught up in the mix and washed away as well.").

court level."[30] Accordingly, Plaintiff's ECOA claim—his only federal claim—is subject to dismissal for waiver or abandonment.

Plaintiff's ECOA claim also fails on the merits. A review of the applicable laws and regulations associated with the ECOA indicate that on the facts Plaintiff has pleaded, no violation of the ECOA has occurred. "To state a claim for relief under the ECOA, the plaintiff[] must plausibly show that [he was] discriminated against in violation of the statute. More specifically, the complaint must plausibly allege that (1) each plaintiff was an "applicant"; (2) the defendant as a "creditor"; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class."[31] Here, Plaintiff's state-court Petition is bereft of any facts that allege that he was discriminated against because he was in a protected class. For example, it does not allege that he was discriminated against because of his age,[32] or because of he derives income from a public assistance program.[33] Nor has Plaintiff plausibly alleged that Defendants engaged in any other action that violates the ECOA, such as failure to advise Plaintiff of an adverse action.[34] Plaintiff merely states, in a conclusory fashion, that Defendant Anderson failed to follow ECOA guidelines and laws, without providing support for that statement. Indeed, Plaintiff does not even attempt to

---

[30] *Arkansas v. Wilmington Trust National Ass'n*, No. 18-1481, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020). *See also Black n North Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001) (holding that failure to respond to a motion to dismiss a claim constitutes abandonment).
[31] *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705-06 (5th Cir. 2017).
[32] 15 U.S.C. § 1691(a)(1).
[33] *Id.* § 1691(a)(2).
[34] *Id.* § 1691(d).

connect the facts he does allege to his ECOA cause of action. Such hallow pleading is insufficient to state an ECOA claim.[35] The Court will therefore dismiss Plaintiff's federal claim.

### B. Supplemental Jurisdiction

Plaintiff's remaining claims arise under state law. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."[36] A district court "enjoys wide discretion in determining whether to retain jurisdiction over the remaining state law claims."[37] "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive, and [the Fifth Circuit] must review the district court's decision in light of the specific circumstances of the case at bar."[38]

Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. This case is in its infancy, and few judicial resources have been devoted to it to date.[39] The remaining claims involve the intersection of the Louisiana Credit Agreement Statement and Louisiana Civil Code article 2315, issues which

---

[35] *Alexander*, 848 F.3d at 706.
[36] 28 U.S.C. § 1367(c)(3).
[37] *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994).
[38] *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595 (5th Cir. 2009).
[39] *Brookshire Bros. Holding*, 554 F.3d at 602 (holding that the amount of judicial resources invested in a litigation is a relevant consideration when determining whether to decline supplemental jurisdiction over pendant state law claims).

7

Louisiana state courts can aptly handle.[40] Accordingly, the Court will remand this matter to the state court for consideration of Plaintiff's state law claims.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED IN PART**. The Court dismisses Plaintiff's federal claim **WITH PREJUDICE** and remands Plaintiff's state-law claims to the state court.

New Orleans, Louisiana, January 28, 2021.

                                        _Wendy B Vitter_
                                      **WENDY B. VITTER**
                                      **UNITED STATES DISTRICT JUDGE**

---

[40] 28 U.S.C. § 1367(c)(1); *Petroplex International v. St. James Parish*, 158 F. Supp. 3d 537, 544 (E.D. La. 2016).